Rumsr, C. J.
 

 As the objection of the defendant is founded on very nice and technical reasons, the Court would willingly sustain the action, if it could be done without violating the principle, on which detinue rests. Its object is to recover a thing specifically ; and therefore the law gives it only against one, who, it sees, had it in his power, when sued, to deliver the possession thereby demanded of him. The gist of the action is the detainer at the date of the writ; and, hence, as was correctly stated in
 
 Charles
 
 v
 
 . Elliott,
 
 4 Dev. and Bat. 468, it is incumbent on the plaintiff to show an actual possession
 
 *426
 
 in the defendant at that time, or a general controlling power over the thing. In this case, the Court is ofopinion, he showed neither. The plaintiff, it is true, had demanded the slave while Dickson had him ; and, if the .latter had afterwards parted from the possession,
 
 mala fide
 
 or voluntarily, that would not have defeated this action, because, as laid down in the case cited, it would have been taken to be in fraud of the action and not tolerated. For, it is impossible to bring suit the next instant after the demand, and the possessor ought not to be allowed to elude the action for the thing, by covertly putting it out of his actual possession But that has no application here ; because the intestate did not put away the thing, but, either rightfully or wrongfully, it was taken from him without his fault and apparently against his will, and he had not re-acquired it w'hen this suit was brought. If the sheriff, for want of a bond from the intestate, had taken the slave from him, it is conceived, that certainly the plaintiff could not have dismissed the replevin and brought detinue before the possession was restored, although the sheriff, as he ought, might not have delivered the slave to the plaintiff upon his replevin, but have kept him. For, having caused the possession to be taken from the other party by process, sued with the view to secure the ultimate recovery of the slave, specifically in one manner, he ought not to abandon that method, and resort to detinue on the previous possession of the defendant, but only on its restoration. It could make no difference, as to the right to bring detinue, that the sheriff’ did wrong in keeping the slave from both of the parties ; for by such wrong the defendant was deprived both of the actual possession and of any controlling power over the slave. The sheriff did not pursue exactly that course here ; but he did, substantially. After having left the slave with the defendant in replevin, he illegally seized him tinder color or pretence of the same process, and he
 
 *427
 
 actually held him when this writ was sued. That possession cannot be deemed, the possession of Dickson, for the purposes of this action. For, at any moment, from that in which the sheriff'took the slave to that in which he restored him, it is apparent, that the sheriff was liable to Dickson in detinue ; and it seems impossible to hold, that Dickson, as a person wrongfully deprived of the possession of his slave, might recover him from one person, and likewise to hold, that, without any act on his part in fraud of the law, he was liable to the action of detinue, as at the very same time having the possession. It is in that respect this case differs from that of
 
 Garth
 
 v.
 
 Howard,
 
 5 Carr & Payne 346, and other cases, in which the defendant was held liable upon the ground, that he still had the control of the thing, having only pledged or bailed it. A bailment of any kind by Dickson is not pretended. On the contrary, it cannot be doubted that the sheriff’ was a trespasser under color of the replevin ; and he might have been sued in detinue or trover by either Dickson or the plaintiff, whichever had the title. The return of the slave to Dickson, after this suit was commenced, can make no difference ; for the question is, whether the plaintiff was entitled to the action when he brought it, and subsequent events can have no influence on that question, unless they were of a kind to show, that the possession of the sheriff was derived under the defendant in some manner, that did not divest him in law and fact of his general power and control over the property.
 

 Per Curiam.
 

 Judgment affirmed.